UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE J. ROCCO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:18-cv-00141 CKD<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). Defendant has filed a motion to remand. The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and remand for further proceedings.

BACKGROUND

Plaintiff, born August 17, 1956, applied in September 2012 for SSI and disability insurance benefits (DIB), alleging disability beginning April 29, 2011. Administrative Transcript ("AT") 226, 445-446. Plaintiff alleged he was unable to work due to nerve damage in his left arm, inability to lift or pull; left arm, neck, impingement syndrome of shoulder; and chronic

1

benign vertigo syndrome. AT 201. In a decision dated October 1, 2014, the ALJ determined that plaintiff was not disabled.[1] AT 226-235. The Appeals Council remanded the matter for further proceedings, directing the ALJ to revisit certain issues and take any further action needed to complete the administrative record. AT 15. In a second decision dated March 30, 2017, the ALJ again determined that plaintiff was not disabled. AT 15-32. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2015.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of April 29, 2011 through his date last insured of December 31, 2015.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the cervical spine; degenerative joint disease of the shoulders; left arm neuralgia post shingles episode; tinnitus; and headaches.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work in that he can lift and carry, push and pull twenty pounds occasionally and ten pounds frequently. He can sit for six hours of an eight-hour workday with normal breaks; he can stand and walk for six hours of an eight-hour workday with normal breaks. He can overhead lift with the right and left upper extremity occasionally. He must avoid concentrated exposure to hazards (dangerous machinery, unprotected heights, etc.).

6. Through the date last insured, the claimant was unable to perform any past relevant work.

7. The claimant was born on August 17, 1956 and was 59 years old, which is defined as an individual of advanced age on the date last insured. The claimant subsequently changed age category to closely approaching retirement age, however this change occurred in August 2016, beyond the date last insured.

8. The claimant has at least a high-school education and is able to communicate in English.

9. The claimant has acquired work skills from past relevant work. Given this, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy.

10. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 29, 2011, the alleged onset date, through December 31, 2015, the date last insured.

AT 17-31.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ's finding that plaintiff did not have a severe mental impairment is not supported by substantial evidence; and (2) the ALJ's Step Five determination is not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Step Five

Plaintiff's motion for summary judgment argues that the ALJ erred in finding that plaintiff had skills transferable to a significant range of work. (ECF No. 11 at 7-13.)

In response to plaintiff's motion, defendant filed a motion to remand under Sentence Four of 42 U.S.C. § 405(g). (ECF No. 19.) Defendant agrees with plaintiff that the ALJ erred at Step Five regarding what kind of work plaintiff remained capable of performing. (ECF No. 19-1 at 3.)

Defendant also "agreed to remand and agreed to the possibility of further vocational expert testimony[.]" (Id. at 3.)

Plaintiff responded to the motion to remand with an argument that, "since he has demonstrated the ALJ failed to satisfy his burden at step five, further administrative proceedings would be futile." (ECF No. 20 at 4.) The parties report that, after plaintiff's motion for summary judgment was filed, they could not agree on the scope of a remand. (ECF No. 20 at 3, n.1; ECF No. 21 at 1-3.) Plaintiff now argues that the court should reverse and order the payment of benefits. (ECF No. 20 at 5.)

To determine whether remand or payment of benefits is appropriate, the court turns to the underlying Step Five claim. Plaintiff worked as a parts manager from 1978-2002. AT 27. He worked in sales for industrial trailers from 2002-2008. AT 27. Plaintiff testified that the first part of the job was the sales and delivery of parts. AT 27. About 2003-2004, he began just selling industrial trailers and continued doing that work, only sometimes delivering parts. AT 27. His last position was propane driver in 2010-2011. AT 27.

At the January 10, 2017 hearing, the ALJ first asked the vocational expert ("VE") to assume the limitations ultimately adopted in the RFC. AT 182-183. The VE responded that none of plaintiff's past relevant work would be available except for trailer sales, if that job was segregated out from parts clerk. AT 183-184. The VE further testified that someone with plaintiff's RFC "cannot do the tank truck, cannot do the stores laborer, the parts clerk," and that if the trailer sales job was a composite job, it would not be available. AT 183-184, 191; see AT 28. The VE was not asked to identify alternate occupations for someone with plaintiff's RFC.

In response to a second hypothetical, identical to the first except with added mental limitations, the ALJ opined that no past relevant work was available. AT 185-186. The VE also stated that there were transferable skills from the occupation of Tank Truck Driver to the occupation of Route Delivery Clerk, and from the occupation of Parts Clerk to the occupation of Line-Up Worker. AT 189-190.

The ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, the claimant . . . acquired work skills from past relevant work that

5

were transferable to other occupations with jobs existing in significant numbers in the national economy." AT 29. On this basis, the ALJ found plaintiff not disabled. AT 31. The ALJ noted that there were two post-remand hearings with vocational expert testimony. AT 31. The ALJ stated that he was primarily relying on the VE testimony from January 11, 2017 (discussed above) "and not the less comprehensive testimony of [the VE] at the October 5, 2016 hearing." AT 31.

Plaintiff asserts that the ALJ erred in finding he had transferable skills, an argument defendant does not refute. As the parties agree that the ALJ committed reversible error at Step Five, plaintiff is entitled to summary judgment on this claim.

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, it is unclear whether, aside from any transferable skills, a person with plaintiff's RFC could perform other jobs that existed in significant numbers in the national economy. In the first post-remand hearing in October 2016, the ALJ posed a hypothetical identical to plaintiff's

6

ultimate RFC except for limitations on pushing and pulling.  AT 21, 105.  The VE testified that, even if plaintiff were limited to sedentary work, could not do his past work, and had no transferable skills, he could still do sedentary unskilled jobs that existed in significant numbers in the national economy, e.g., lampshade assembler and telephone clerk.  AT 107.  Because the record has not been fully developed as to what jobs someone with plaintiff's RFC could perform, remand is appropriate.

      B.  Step Two

In his motion for summary judgment, plaintiff also claims that the ALJ erred in finding that plaintiff did not suffer from a severe mental impairment at Step Two.  See AT 19-20.  Defendant contends that the ALJ correctly decided this issue.

      C.  Scope of Remand

"Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed."  Loeung v. Astrue, 2010 WL 3365799, *1 (C.D. Cal. Aug. 24, 2010), quoting Sullivan v. Hudson, 490 U.S. 877 (1989).  While courts may indicate in some cases that they do not intend to limit the scope of remand, they may also "remand for the limited purpose of remedying the specific defect(s) in the ALJ's decision necessitating the reversal."  Id.

Here, on remand, the ALJ will obtain supplemental vocational expert testimony to evaluate whether, considering plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that plaintiff could perform during the alleged disability period.  The ALJ is free to develop the record in other ways, as needed, to make a Step Five determination and otherwise ascertain whether plaintiff was disabled at any time during the relevant period.

For the reasons stated herein, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record.

////

////

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is granted;
2. The Commissioner's motion to remand (ECF No. 19) is granted;
3. The Commissioner's decision is reversed;
4. This matter is remanded for further proceedings consistent with this order; and
5. The Clerk of Court shall enter judgment for plaintiff and close this case.

Dated: February 13, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/rocco0141.ssi.ckd