UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE J. ROCCO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:18-cv-00141 CKD<br><br><br><br>AMENDED ORDER |

INTRODUCTION

On February 13, 2013, the undersigned issued an order granting plaintiff's motion for summary judgment, granting defendant's motion to remand, and remanding this matter for further proceedings. (ECF No. 22.) Before the court is plaintiff's motion to amend the judgment pursuant to Fed. R. Civ. P. 59(e), which is fully briefed. (ECF Nos. 24-26.) Having reviewed this latest round of briefs, which serve to clarify the parties' positions, the court will vacate its earlier order and issue this amended order.

BACKGROUND

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). Defendant has filed a motion to remand. The parties

have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and remand for further proceedings.

BACKGROUND

Plaintiff, born August 17, 1956, applied in September 2012 for SSI and disability insurance benefits (DIB), alleging disability beginning April 29, 2011. Administrative Transcript ("AT") 226, 445-446. Plaintiff alleged he was unable to work due to nerve damage in his left arm, inability to lift or pull; left arm, neck, impingement syndrome of shoulder; and chronic benign vertigo syndrome. AT 201. In a decision dated October 1, 2014, the ALJ determined that plaintiff was not disabled.[1] AT 226-235. The Appeals Council remanded the matter for further

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the

proceedings, directing the ALJ to revisit certain issues and take any further action needed to complete the administrative record. AT 15. In a second decision dated March 30, 2017, the ALJ again determined that plaintiff was not disabled. AT 15-32. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2015.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of April 29, 2011 through his date last insured of December 31, 2015.
>
> 3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the cervical spine; degenerative joint disease of the shoulders; left arm neuralgia post shingles episode; tinnitus; and headaches.
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work in that he can lift and carry, push and pull twenty pounds occasionally and ten pounds frequently. He can sit for six hours of an eight-hour workday with normal breaks; he can stand and walk for six hours of an eight-hour workday with normal breaks. He can overhead lift with the right and left upper extremity occasionally. He must avoid concentrated exposure to hazards (dangerous machinery, unprotected heights, etc.).
>
> 6. Through the date last insured, the claimant was unable to perform any past relevant work.
>
> 7. The claimant was born on August 17, 1956 and was 59 years old, which is defined as an individual of advanced age on the date last insured. The claimant subsequently changed age category to closely approaching retirement age, however this change occurred in August 2016, beyond the date last insured.
>
> 8. The claimant has at least a high-school education and is able to communicate in English.
>
> 9. The claimant has acquired work skills from past relevant work. Given this, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the

---

burden if the sequential evaluation process proceeds to step five. Id.

national economy.

10. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 29, 2011, the alleged onset date, through December 31, 2015, the date last insured.

AT 17-31.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ's finding that plaintiff did not have a severe mental impairment is not supported by substantial evidence; and (2) the ALJ's step five determination is not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,

1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

    A. <u>Step Two</u>

In his motion for summary judgment, plaintiff claimed the ALJ erred in finding that plaintiff did not suffer from a severe mental impairment at step two. In response, defendant filed a motion to remand under Sentence Four of 42 U.S.C. § 405(g). (ECF No. 19.) Defendant disagreed that the ALJ committed reversible error at step two. (ECF No. 19-1 at 3.)

The real issue, as discussed below, is whether mental impairments should have been included in the residual functional capacity (RFC). <u>See</u> 20 C.F.R. § 404.1545(e) ("[W]e will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your [RFC]."). As the Ninth Circuit explained in <u>Buck v. Berryhill</u>, 869 F.3d 1040, 1048-49 (9th Cir. 2017), "Step two is merely a threshold determination meant to screen out weak claims. It is not meant to identify the impairments that should be taken into account when determining the RFC. In fact, in assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are imposed by all of an individual's impairments, even those that are not 'severe.' The RFC therefore should be exactly the same regardless of whether certain impairments are considered 'severe' or not.") (Internal quotes and citations omitted.)

    B. <u>Step Five</u>

Plaintiff's motion for summary judgment next argued that the ALJ erred in finding that plaintiff had skills transferable to a significant range of work. (ECF No. 11 at 7-13.)

In her motion to remand, defendant agreed that the ALJ committed reversible error at step five "regarding what kind of work plaintiff remained capable of performing." (ECF No. 19-1 at 3.) However, defendant noted that the parties "might disagree about exactly how the ALJ erred" at this step. (<u>Id.</u>) Conceding reversible error, without explaining what (in her view) the error was, defendant "agreed to remand and agreed to the possibility of further vocational expert testimony[.]" (<u>Id.</u> at 3; <u>see</u> ECF No. 25 at 2).

The parties reported that, after plaintiff's motion for summary judgment was filed, they could not agree on the scope of a remand. (ECF No. 20 at 3, n.1; ECF No. 21 at 1-3.) Plaintiff responded to the motion to remand with the argument that, "since he has demonstrated the ALJ failed to satisfy his burden at step five, further administrative proceedings would be futile" and the matter should be remanded for payment of benefits. (ECF No. 20 at 4-5.)

The facts underlying the step five claim are as follows: Plaintiff worked as a parts manager from 1978-2002. AT 27. He worked in sales for industrial trailers from 2002-2008. AT 27. Plaintiff testified that the first part of the job was the sales and delivery of parts. AT 27. About 2003-2004, he began just selling industrial trailers and continued doing that work, only sometimes delivering parts. AT 27. His last position was propane driver in 2010-2011. AT 27.

At the January 10, 2017 hearing, the ALJ first asked the vocational expert (VE) to assume the limitations ultimately adopted in the RFC. AT 182-183. The VE responded that none of plaintiff's past relevant work would be available except for trailer sales, if that job was segregated out from parts clerk. AT 183-184. The VE further testified that if the trailer sales job was a composite job, it would not be available. AT 183-184, 191. In response to a second hypothetical adding mental limitations, the VE opined that no past relevant work was available. AT 185-186. The ALJ concluded that, "as the Dictionary of Occupational Titles does not account for a composite job, the claimant cannot be found able to return to his past relevant work as performed in the national economy." AT 28.

Turning to transferable skills "in hypo two," i.e., assuming non-exertional limitations (AT 187), the ALJ continued:

> The vocational expert testified to transferable skills from the claimant's past relevant work as a propane truck driver . . . He indicated that the skills acquired were motor freight transportation, retail trade and truck driving, very basic. The [VE] testified that these skills would transfer to <u>route delivery clerk . . . with 39,855 positions available in the U.S.</u> He specifically testified this position does not require working with people. . . . The [DOT] indicates this is clerical work, directing truck deliveries of merchandise.

AT 29 (emphasis added); see AT 187-188.

6

The ALJ continued:

> [The VE also] testified to transferable skills from auto parts clerk.... Acquired skills that would be transferable were stock checking, production services, clerical and kindred occupations including shipping, receiving and stock checking. It can be transferred to <u>line-up worker . . . with 5,458 positions in the U.S.</u>

AT 30 (emphasis added) ; <u>see</u> AT 189-190.

Summing up, the ALJ wrote that the VE "testified to two positions which the claimant's acquired skills as a tank truck driver, and auto parts clerk, could transfer, route delivery clerk and line up clerk, respectively. He testified each position carried the same MPSMS code, and that with regard to data/people/things, the positions in his opinion, are close. . . . The [VE] testified the two positions, delivery clerk and line up worker, exist in the national economy in significant numbers, 39,855 and 5,458, respectively." AT 30.

The ALJ further determined that under 20 CFR 404.1566, "there are a significant number of jobs, as the regulation contemplates, in the two positions to which the claimant's skill can transfer, delivery clerk and line up worker." AT 31. The ALJ found the VE's testimony consistent with the DOT and concluded that a finding of 'not disabled' was appropriate. AT 31.

Plaintiff asserts that the ALJ erred in finding he had transferable skills to a "significant range" of work, as the job of line-up worker does not exist in significant numbers, leaving only one job (route delivery clerk) plaintiff could perform.[2] In <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1116 (9th Cir. 2006), the Ninth Circuit held that the ALJ erred by not applying Grids Rule 202.00(c), which provides that "for <u>individuals of advanced age</u> who can no longer perform vocationally relevant past work and <u>who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work</u> that is within the individual's functional capacity the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled." (Emphasis added.) The Ninth Circuit held that one job does not satisfy the statute's "significant range" requirement. <u>Lounsburry</u>, 468 F.3d at 1117.[3]

---

[2] Plaintiff "concedes that the remaining occupation of route delivery clerk exists in significant numbers." See <u>Gutierrez v. Comm'r</u>, 740 F.3d 519, 529 (9th Cir. 2014) (25,000 national jobs constitutes a "significant number" of jobs). (ECF No. 11 at 12.)

[3] In <u>Lounsburry</u>, "the ALJ applied Grid Rule 202.07 (for persons of advanced age with a high

7

Plaintiff is arguably in the same position as the Lounsburry claimant: a person of advanced age, with a high school education, who can no longer do past relevant work, and who has an RFC for light work. See AT 30. As in Lounsburry, the ALJ found plaintiff not disabled under Grid Rule 202.7. AT 31. And as in that case, plaintiff was found able to perform only one available job, such that he did not have skills transferable to a "significant range" of work.

Notably, however, the ALJ's analysis of transferable skills was based on "hypo two," which included non-exertional limitations. AT 187-191. The ALJ based this hypothetical on plaintiff's testimony that he had anxiety and panic attacks. AT 197. "Nothing in the records so far to indicate the severity, but I went and said he could not interact with the public based on his testimony, not based on records," the ALJ stated. AT 197-198. However, in the decision, the ALJ found plaintiff's mental impairments to be non-severe, and the RFC does not include mental limitations. AT 19-21.

As both parties (and the court) agree that the ALJ erred at step five, plaintiff is entitled to summary judgment. However, it is not clear based on the current record whether plaintiff was, in fact, disabled during the alleged disability period. See Strauss v. Comm'r, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

C. Remedy

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

---

school education and ability to do light work); this Rule contains the 'footnote 2' that incorporates the key language from Rule 202.00(c) about skills transferrable to a 'significant range' of work." Vita C. F. v. Berryhill, 2018 WL 5816113, *4 (C.D. Cal. Nov. 5, 2018); see Lounsburry, 468 F.3d at 1116-1117.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether plaintiff was, in fact, disabled within the meaning of the Social Security Act. On remand, the ALJ will (1) determine whether the RFC should include mental limitations and (2) obtain supplemental vocational expert testimony to evaluate whether, considering plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that plaintiff could perform during the alleged disability period. The ALJ is free to develop the record in other ways, as needed, to ascertain whether plaintiff was disabled at any time during the relevant period.

For the reasons stated herein, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the judgment (ECF No. 24) is granted in part and denied in part;
2. The February 13, 2019 order and judgment in this matter are hereby VACATED;
3. Plaintiff's motion for summary judgment (ECF No. 11) is granted;
4. The Commissioner's motion to remand (ECF No. 19) is granted;
5. The Commissioner's decision is reversed;
6. This matter is remanded for further proceedings consistent with this order; and

7. The Clerk of Court shall enter judgment for plaintiff and close this case.

Dated: March 22, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/rocco0141.ssi.ckd_amended